**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**KIRK DOUGLAS RICHARDS,**

    **Petitioner-Defendant,**

                                            **Civil Action No. 1:10-cv-188**
**v.**                                          **Criminal Action No. 1:05-cr-8**
                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.    INTRODUCTION

On October 14, 2010, Petitioner-Defendant Kirk Douglas Richards ("Petitioner"), proceeding *pro se*, filed a Motion to Set Aside Prior Conviction Based Upon Unconstitutional Entry of Guilty Plea ("Motion" or "Petition"). (Civil Action No. 1:10-cv-188, ECF No. 1; Criminal Action No. 1:05-cr-8, ECF No. 25 ("Mot.").) On November 1, 2010, Petitioner elected to have his motion converted to a motion filed pursuant to 28 U.S.C. § 2255. (Civil Action No. 1:10-cv-188, ECF No. 4; Criminal Action No. 1:05-cr-8, ECF No. 35.) The next day, pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising Petitioner that his case would be recommended for dismissal unless he could show that his Motion was timely. (Civil Action No. 1:10-cv-118, ECF No. 8; Criminal Action No. 1:05-cr-8, ECF No. 42.) On November 15, 2010, Petitioner responded to the Court's *Hill v. Braxton* Notice, asserting that his motion qualified for an exception to the "one year deadline under section(3) a new right recognized by the U.S. SUPREME COURT in the PADILLA case." (Civil Action No. 1:10-cv-188, ECF No. 12; Criminal Action No. 1:05-cr-8, ECF No. 46 ("*Hill v. Braxton* Resp.").)

On November 16, 2010, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (Civil Action No. 1:10-cv-188, ECF No. 8; Criminal Action No. 1:05-cr-8, ECF No. 48.) The Government responded to Petitioner's Motion on January 7, 2011 ("Response"). (Civil Action No. 1:10-cv-188, ECF No. 20; Criminal Action No. 1:05-cr-8, ECF No. 56 ("Resp.").) Petitioner filed his traverse to the Government's response on January 24, 2011 ("Reply"). (Civil Action No. 1:10-cv-188, ECF No. 21; Criminal Action No. 1:05-cr-8, ECF No. 57 ("Reply").) On March 25, 2011, Petitioner filed a Motion to Follow Up with His Motion Made Pursuant to Title 28, U.S.C., Section 2255. (Civil Action No. 1:10-cv-188, ECF No. 22; Criminal Action No. 1:05-cr-8, ECF No. 59.) The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's Motion.

## II.   FACTS

*A.   Conviction and Sentence*

On January 7, 2005, Petitioner was charged in a one-count Information with possession with the intent to distribute five grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). That same day, Petitioner appeared before the Honorable John S. Kaull, United States Magistrate Judge, to enter a plea of guilty to the one-count Information. (Amended Report and Recommendation Concerning Plea of Guilty in Felony Case, Criminal Action No. 1:05-cr-8, ECF No. 6 at 1.) On February 9, 2005, Honorable Irene M. Keeley, United States District Judge, entered an Order adopting Magistrate Judge Kaull's Amended Report and Recommendation that Petitioner's plea of guilty be accepted. (Order, Criminal Action No. 1:05-

cr-8, ECF No. 7 at 4.)

Petitioner appeared before District Judge Keeley for sentencing on May 23, 2005. District Judge Keeley sentenced Petitioner to 108 months imprisonment with credit for time served followed by a four year term of supervised release. (Judgment in a Criminal Case, Criminal Action No. 1:05-cr-8, ECF No. 14.)

*B.     Appeal*

Petitioner did not pursue a direct appeal.

*C.      Federal Habeas Corpus*

### 1.     Petitioner's Motion

In his Motion, Petitioner asserts that "at the time he tendered his change of plea he did not seek the advice of an immigration attorney and his trial counsel did not explain to him the immigration consequences that his change would trigger." (Mot. at 1.) As such, Petitioner argues that his trial counsel's alleged failure to notify him of possible immigration ramifications constituted ineffective assistance of counsel.

### 2.     **Response to** *Hill v. Braxton* **Notice**

In his response to the Court's *Hill v. Braxton* Notice, Petitioner asserts that his Motion "qualifies for an exception to the one year deadline;" specifically, that his Motion is timely under 28 U.S.C. § 2255(f)(3) because of the new right recognized by the Supreme Court of the United States in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). (*Hill v. Braxton* Resp.)

### 3.     **Government's Response**

In its Response, the Government asserts that Petitioner's claim that he lacked notice of immigration consequences and that trial counsel failed to warn him of possible consequences is not

supported by fact. (Resp. at 1.) Specifically, the Government alleges that it provided the mandatory consular notification to Ms. De'Andra Burton, Petitioner's first trial counsel, at Petitioner's arraignment in Criminal Action No. 1:04-cr-27. (*Id*. at 2.) The Government also asserts that Ms. Burton remembers discussing Petitioner's possible deportation with him. (*Id.*) Furthermore, the Government has included an affidavit from Ms. Jennifer McGinley, who was appointed to be Petitioner's counsel after Ms. Burton's motion to withdraw was granted, in support of its argument that Petitioner discussed potential immigration consequences with Ms. McGinley. (*Id.* at 3, *see also id.*, Ex. 5 ("Aff").)

### 4. Petitioner's Reply

In his Reply, Petitioner asserts that the Government never notified him of his right to contact the Jamaican Consulate and so violated his rights under the Vienna Convention. (Reply at 1.)[1] Petitioner further argues that there is no record to prove that the consular notification was actually given to him, and that there is no record that either of Petitioner's attorneys informed him of possible immigration consequences. (*Id.* at 1, 4.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because of its untimeliness and because the rule announced in *Padilla* is not retroactively applicable to collateral review of Petitioner's conviction.

## III. ANALYSIS

---

[1] Petitioner did not number the pages of his Reply. Therefore, when referring to Petitioner's reply, the Court will utilize the page numbering of the document filed on CM/ECF.

## A. *Petitioner's Motion Is Untimely Under 28 U.S.C. § 2255(f)(1)*

A one-year statute of limitations applies to all motions brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). As § 2255(f) states, the one-year statute of limitations begins to run from four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner was sentenced on May 23, 2005. This judgment was entered on Petitioner's criminal docket on May 26, 2005. (Judgment in a Criminal Case, Criminal Action No. 1:05-cr-8, ECF No. 14.) Petitioner did not pursue a direct appeal. The Fourth Circuit has determined that a federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Therefore, pursuant to 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final on May 26, 2005. Therefore, Petitioner had until May 26, 2006 to timely file his Motion; however, he did not file his Motion until October 14, 2010,[2] four years, four months, and nine days after the statute of limitations had expired.

---

[2] Although Petitioner's October 14, 2010 Motion was not characterized as a § 2255 motion until his election form was docketed on November 1, 2010, for purposes of determining when his § 2255 motion was filed, the earlier date when the original motion was first received

Because Petitioner filed his Motion after the statute of limitations had run, the Court finds that his motion is untimely unless Petitioner can satisfy his burden of demonstrating that equitable tolling should be applied to his case.

### B. *Petitioner's Motion Does Not Qualify for the Exception Under 28 U.S.C. § 2255(f)(3)*

In his response to the Court's *Hill v. Braxton* Notice, Petitioner asserts that his motion is timely under 28 U.S.C. § 2255(f)(3) because of the new right recognized by the Supreme Court in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). In support of his argument, Petitioner has attached a letter from an attorney in Louisiana suggesting that he indicate to the Court that his motion qualifies as timely under this exception. (*Hill v. Braxton* Resp., Ex. 1.) However, Petitioner's argument is without merit.

In *Padilla*, the Supreme Court announced that the "weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Padilla*, 130 S. Ct. at 1482 (citations omitted). Therefore, "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." *Id.* However, the *Padilla* Court did not expressly state whether its ruling was to have retroactive effect.

Because Petitioner seeks to invoke the rule announced in *Padilla* after the statute of limitations has expired, this Court must determine whether *Padilla* can be applied retroactively. The Fourth Circuit, in dicta in an unpublished opinion, has noted that "nothing in the *Padilla* decision

---

and docketed as a motion to set aside a prior conviction has been construed as the date the § 2255 motion was filed. *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), *overruled in part on other grounds*, *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2007) ("If, within the time set by the court, the movant agrees to have the motion recharacterized or by default acquiesces, the court shall consider the motion as one under § 2255 and consider it filed as of the date the original motion was filed.").

indicates that it is retroactively applicable to cases on collateral review." *United States v. Hernandez-Monreal*, 404 F. App'x 714, 715 n.*, 2010 WL 5027195, at *1 n.* (4th Cir. Dec. 6, 2010). Furthermore, at least four district courts within the Fourth Circuit have determined that the rule announced in *Padilla* is not applicable retroactively to cases on collateral review. *See, e.g., Mathur v. United States*, Nos. 7:07-CR-92-BO, 7:11-CV-67-BO, 2010 WL 2036701, at *3 (E.D.N.C. May 24, 2011); *Dennis v. United States*, 787 F. Supp. 2d 425, 430 (D.S.C. 2011); *Mendoza v. United States*, 774 F. Supp. 2d 791, 798 (E.D. Va. 2011); *Doan v. United States*, 760 F. Supp. 2d 602, 606 (E.D. Va. 2011).

*Teague v. Lane*, 489 U.S. 288 (1989) and later cases set forth the principles surrounding whether new rules should be retroactively applied to cases on collateral review. Under *Teague*, courts must "survey the legal landscape as it existed at the time petitioner's conviction became final to determine whether a particular rule later announced by the Supreme Court is an old or a new rule." *Mendoza*, 774 F. Supp. 2d at 796 (citing *Beard v. Banks*, 542 U.S. 406, 410 (2004)). Generally, an old rule applies to cases on both direct and collateral review, whereas a new rule only applies to cases that are still on direct review. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). However, there are two exceptions for when a new rule may retroactively apply to cases on collateral review. First, the rule may apply retroactively where "it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe." *Teague*, 489 U.S. at 311. The second exception is for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell v. Netherland*, 521 U.S. 151 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993).

    **1.**     *Padilla v. Kentucky* **Announced a New Rule**

First, this Court must determine whether the holding in *Padilla* announced a new or old rule. The Supreme Court has noted that when deciding whether or not a new rule is created, a court should consider "whether it would have felt compelled by existing precedent to conclude that the rule was required by the Constitution." *Dennis*, 787 F. Supp. 2d at 428 (citing *Saffle v. Parks*, 494 U.S. 484, 489 (1990)). At the time of Petitioner's conviction, the law of the Fourth Circuit dictated that "an attorney's failure to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel." *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated by Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Indeed, in his concurrence in *Padilla*, Justice Alito noted that until the decision in *Padilla*, "the longstanding and unanimous position of the federal courts was that reasonable defense counsel generally need only advise a client about the *direct* consequences of a criminal conviction." *Padilla*, 130 S. Ct. at 1487 (Alito, J., concurring) (citations omitted). Justice Alito supported his claim with citations, including one stating that "virtually all jurisdictions–including eleven federal circuits, more than thirty states, and the District of Columbia–hold that defense counsel need not discuss with their clients the collateral consequences of a conviction, including deportation." *Id.* (Alito, J., concurring) (citation omitted) (internal quotation marks omitted). Therefore, the Court finds that *Padilla* announced a new rule because at the time of Petitioner's decision to plead guilty, such a constitutional standard did not exist. *See Dennis*, 787 F. Supp. 2d at 429; *see also Doan*, 760 F. Supp. 2d at 605 ("[T]his Court cannot find that failing to advise Petitioner as to deportation risk would have been objectively unreasonable at the time his conviction became final.")

2. ***Padilla* Does Not Fall Within One of the Two Exceptions for Retroactive Application on Collateral Review**

Because *Padilla* announced a new rule, the Court must determine whether it is "subject to

one of the retroactivity exceptions for new rules outlined in *Teague*." *Doan*, 760 F. Supp. 2d at 605. The first exception applies when the rule "places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe." *Teague*, 489 U.S. at 311. In other words, this exception applies where a new rule "alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004). The Court notes that this exception is inapplicable because the decision announced in *Padilla* does not alter the reach of any substantive criminal law.

The second exception is for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell v. Netherland*, 521 U.S. 151 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993). With regards to this exception, the Supreme Court has "repeatedly emphasized the limited scope of [this] exception" by stating that "it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." *Beard*, 542 U.S. at 417 (alteration in original) (citations omitted) (internal quotation marks omitted). Indeed, it is "unlikely that many such components of basic due process have yet to emerge," and the Supreme Court has "yet to find a new rule that falls under the second *Teague* exception." *Id.* (citations omitted) (internal quotation marks omitted). In fact, the Court, when providing guidance as to the type of rule that may fall within this exception, has referred only to the rule announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Id.* Therefore, the Court finds that the new rule announced in *Padilla* "'has none of the primacy and centrality of the rule adopted in *Gideon*.'" *Id.* at 420 (quoting *Saffle*, 494 U.S. at 495). As such, it does not fall within the second *Teague* exception.

In sum, the Court finds that while the rule announced in *Padilla* qualifies as a new rule, it

is not subject to either of the two retroactivity exceptions outlined in *Teague*. Thus, the Court will not retroactively apply *Padilla* to Petitioner's case, and Petitioner's motion should be dismissed for untimeliness.

## IV. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Civil Action No. 1:10-cv-188, ECF No. 1; Criminal Action No. 1:05-cr-8, ECF No. 25) be **DENIED** and **DISMISSED** from the docket because of its untimeliness and because Petitioner has not established that the rule announced in *Padilla* is retroactively applicable to collateral review of his conviction. The undersigned also recommends that Petitioner's Motion to Follow Up With His Motion Made Pursuant to Title 28, U.S.C., Section 2255 (Civil Action No. 1:10-cv-188, ECF No. 22, Criminal Action No. 1:05-cr-8, ECF No. 59) be **DENIED AS MOOT.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Kirk Douglas Richards.

  **DATED:** November 28, 2011

            _____
            DAVID J. JOEL
            UNITED STATES MAGISTRATE JUDGE